# Supreme Court Decisions.

---

## DISAGREEMENT AND DISCHARGE OF JURY IN CRIMINAL CASES.

### The State of Ohio v. McMillen.

69 Ohio State—Decided December 8, 1903.

*Disagreement of Jury—Discharge of Jury without Consent of Defendant—Held under Section 7313, Revised Statutes—Discharge of Jury not Error by Court—Defendant not Released—Criminal Law.*

In a criminal case, the trial of which was begun at 9:00 o'clock in the morning and the case finally submitted to the jury at 4:20 o'clock P. M., of the same day, the jury after deliberating thereon until 7:00 o'clock the same evening returned into open court and informed the court that they were unable to agree upon a verdict, whereupon the court without the consent of the defendant discharged said jury from the further consideration of said case, and entered upon the journal of the court the reason therefor, "that it satisfactorily appears to the court that there is no probability of the jury agreeing upon a verdict in this case, and for this reason said jury is discharged from the further consideration of this case;" and there being nothing in the record to impeach such finding and entry, or to show that the court acted arbitrarily or in abuse of sound legal discretion, except only the length of time the jury were kept together for deliberation. *Held:* That under Section 7313, Revised Statutes, such entry shows the existence of legal ground for the discharge of said jury, and for that reason there was no error in the action of the court, and such discharge did not operate. as a discharge of defendant from further prosecution and it can not therefore avail defendant for that purpose by way of plea in bar.

Error to the Circuit Court of Jackson County.

This is a proceeding in error on behalf of the State, brought under favor of Section 7306a, Revised Statutes, to obtain the reversal of a judgment of the Circuit Court of Jackson County, Ohio.

The facts, so far as material and pertinent to the questions presented and determined, are stated in the opinion.

*A. E. Jacobs,* Prosecuting Attorney, and *R. H. Jones,* for plaintiff in error.

*Hogan & McFarland,* for defendant in error.

CREW, J.; BURKET, C. J., SPEAR, DAVIS, SHAUCK and PRICE, JJ., concur.

At the May term, 1901, of the Court of Common Pleas of Jackson County, Ohio, the defendant in error, Charles L. Mc-Millen, was indicted and put upon trial for the crime of embezzlement. It appears from the record that the trial of said cause was begun on June 11, 1901, at about the hour of 9 o'clock A. M., and that the cause was finally submitted to the jury, and they retired to deliberate upon their verdict, at about 4:20 o'clock P. M. of the same day. It further appears that the jury impanneled and sworn to try said cause, after having deliberated thereon from 4:20 o'clock until 7 o'clock the same evening, returned into open court and reported to the court their inability to agree upon a verdict, whereupon the court, without the consent of the defendant, discharged said jury from the further consideration of said case and continued said cause until the next term of said court. At the October term, in the same year, being the term to which said cause had been continued, said cause was again called and assigned for trial; but before the trial and before the impanneling of a jury therein, counsel for defendant filed and presented to the court, on behalf of defendant, the following plea in bar, to-wit:

"State of Ohio, plaintiff, v. Charles L. McMillen, defendant.— Indictment for embezzlement.

"The said Charles L. McMillen in his own proper person comes into court here, and having heard the said indictment read, says that said State of Ohio ought not further to prosecute the said indictment against him, the said Charles L. McMillen, because he says that heretofore, to-wit, at the May term of the court of common pleas holden at Jackson in said Jackson county, in the state of Ohio, of the May term, 1901, the grand jurors of said county duly impanneled and sworn, presented their indictment against him for the offense charged in the indictment herein, that said defendant was duly arraigned in said court

on said indictment and pleaded not guilty thereto. That thereupon a jury was duly impanneled and sworn in said cause in said court and the evidence heard in said case. That said jury retired for deliberation at 4:20 o'clock in the afternoon of June 11, A. D. 1901, and at 7:00 o'clock in the afternoon of the same day said jury, not having agreed upon a verdict, was discharged by said court, without the consent of this defendant, to which action of said court this defendant at the time excepted, all of which will more fully appear from the records of this court. A true and duly certified copy of said indictment, a transcript of all the testimony in said case, and a true and duly certified copy of the journal entries of said court in said case are attached hereto and made part hereof. The defendant avers that by reason of the facts above stated he was placed in jeopardy for the same offense charged in the same indictment upon which now an attempt is made to try him again. The said Charles L. McMillen therefore prays that by the court here he may be dismissed and discharged from the said premises in the indictment specified.

"CHARLES L. McMILLEN,
"By HOGAN & McFARLAND,
"His Attorneys.

"(Duly verified)."

To this plea in bar a demurrer was interposed by the State, and this demurrer was sustained by the court. Thereupon a jury was impanneled in said cause and the defendant was again put upon trial on said indictment and was, by the verdict of the jury, found to be guilty in manner and form as he stood charged in and by said indictment. A motion for new trial was made and overruled and judgment was entered on said verdict. On petition in error to the circuit court that court reversed and set aside the judgment and verdict of the common pleas, overruled the demurrer to said plea in bar, and discharged the defendant from further prosecution, assigning for cause, "that the plea in bar of plaintiff in error interposed at the trial of this cause in the Court of Common Pleas of Jackson County, Ohio, at the October term thereof for the year 1901, should have been sustained, and the demurrer interposed to said plea in bar should have been overruled." To reverse this judgment and order of the circuit court this proceeding is prosecuted. Whether the judgment and action of the circuit court in reversing this judgment of conviction and discharging the defendant was erroneous, depends entirely upon the legal sufficiency of defend-

ant's plea in bar. So that the sole question here presented for our consideration is, were the facts alleged and pleaded by defendant in his plea in bar such, in law, as entitled him to be discharged from custody without again being put upon trial on said indictment?

In view of numerous holdings of this court, and the positive provisions of Section 7313, Revised Statutes, it must now be taken and held as the settled law of this state that a jury impanneled and sworn in a criminal case may, without the consent of the defendant, after the case has been finally submitted to them, and before verdict, rightfully be discharged by the court without prejudice to the prosecution, when it shall satisfactorily and sufficiently be made to appear to the court that such jury is, or probably will be, unable to agree upon a verdict. Section 7313, Revised Statutes, provides as follows:

"The court may discharge a jury without prejudice to the prosecution, for the sickness of a juror, the corruption of a juror, or other accident or calamity, or because there is no probability of the jurors agreeing, and the reason for the discharge shall be entered on the journal."

While counsel for defendant in error concede that this statute in express terms confers upon the court the power and authority, and gives to the court the right to discharge a jury without prejudice to the prosecution because there is no probability of the jurors agreeing, yet they contend that in this case, inasmuch as the record shows that the first jury was discharged by the court for failure to agree, after having deliberated only two hours and forty minutes, that therefore no sufficient necessity was shown to warrant their discharge on that ground; that their discharge by the court was, in consequence, a clear abuse of legal discretion, and was in law the equivalent of an acquittal. As supporting their contention in this behalf, and as they claim conclusively determining the same in their favor, counsel for defendant in error cite and rely upon the second clause of the syllabus in *Mitchell* v. *State*, 42 Ohio St., 383, which is as follows:

"While a jury in a criminal case may, in certain circumstances, be discharged, and the accused lawfully subjected to another trial, this can only be done where he has consented to the discharge, or been guilty of such fraud in respect to the

conduct of the trial as that he was in no real peril, or where there is urgent necessity for the discharge, such as the death or serious illness of the presiding judge or a juror, the serious illness of the prisoner, the ending of term before verdict, or the inability of the jury to agree, after spending such length of time in deliberation as, in the opinion of the judge, sustained by the facts disclosed in the record, renders it unreasonable and improbable that there can be an agreement.''

The facts of this case were these: Mitchell was indicted under Section 6820, Revised Statutes, for *shooting* with intent to kill. On the trial it was developed that Eigensee, the person against whom the offense was alleged to have been committed, had not been *hit* by the bullet fired by Mitchell. Thereupon, after the evidence was all in and the cause had been argued before the jury by the prosecuting attorney, and while the counsel of Mitchell was addressing the jury in his behalf, the judge presiding at the trial *sua sponte,* and against the objection of Mitchell and his counsel, made and caused to be entered on the journal the following order:

''It appearing to the court that a mistake has been made in charging the proper offense in the indictment, the court doth discharge the jury without prejudice to the prosecution; to all which the defendant, Mitchell, then and there excepted.''

Mitchell having at a subsequent term been indicted because of the same transaction, for shooting *at* Eigensee with intent to kill, pleaded in bar the former indictment and the proceedings thereon. To this plea a demurrer was filed, which was sustained by the court. Mitchell then entered a plea of ''not guilty,'' was put upon trial and convicted. He prosecuted error to this court where the judgment of the court of common pleas sustaining the demurrer was reversed; the plea in bar was held to be sufficient and Mitchell was discharged. It will be observed from the foregoing statement of facts that in this Mitchell case neither the construction of Section 7313, Revised Statutes, nor the question of when or under what circumstances a jury may be discharged by the trial court because of their failure to agree, was before the court, or in any way or manner involved in that case. In that case the jury did not deliberate at all, the case was never submitted to them. The question of *time* or *length* of time; the *probability* or *improbability* of agreement were not

questions in any manner involved in, nor was their consideration necessary to, the proper determination of the case then before the court. Hence we think that this case was so essentially different in its facts and the questions presented, that it can not be held to be an authority governing the case at bar. But even if it were, the fact remains that in the case at bar the record does show that the jury were kept together and required to deliberate until such time as, in the opinion of the court, an *obstacle* which the statute recognizes as sufficient to justify their discharge did in fact exist, namely, until such time as the court was *satisfied*, and so found and adjudged, that further deliberation on their part would not probably result in their agreeing upon a verdict. ·

In *Dobbins* v. *The State,* 14 Ohio St., 493 (a case decided before the enactment of Section 7313), Ranney, J., in discussing the question of when a jury in a criminal case may rightfully be discharged before verdict, uses this language:

"But while a case of urgent necessity must exist, and must be found to be such by the court, before a jury, once sworn in a criminal case, can be discharged without having rendered a verdict, we do not concur in the position that all the facts and circumstances upon which this finding is predicated must appear in the record. Nor do we intend to imply that this necessity must be found upon evidence, in the ordinary sense of that term. What transpires in or before a court may be legitimately noticed and acted upon without further inquiry. * * * So all communications between the court and the jury are strictly official, and are to be treated and regarded as made under the oath which binds them to an honest, faithful, and truthful discharge of their duties. For wise reasons, no investigation is ordinarily permitted of what transpires in the consultations of the jury; and when they unanimously return their inability to agree, it is conclusive of the fact that they have not agreed, and may rightfully have its just weight in determining the question whether they are likely to do so. But as this must be mere matter of opinion, in which they are very often found mistaken, it ought never to be permitted to take the place of the actual fact, that they have deliberated so long, as, under all the circumstances attending it, to convince the court that no agreement can be expected. When the court is so convinced, and the facts are such as to justify the conviction, the order discharging the jury may be made."

It is, we think, undoubtedly true that the power conferred upon the court to discharge a jury in a criminal case before verdict, for inability to agree, is not a power that rests merely upon the arbitrary or uncontrollable discretion of the trial judge. But being a power the exercise of which may most vitally affect the legal rights of a defendant, it should be employed only in the exercise of a sound legal discretion, for obvious cause, and after the fullest consideration of the facts and circumstances upon which its exercise is predicated in the particular case. But the court having been invested with the power to discharge must itself be the judge of the necessity and propriety of its exercise in each particular case; and it must in each particular case, under all the attending circumstances, and upon the facts presented, be left to determine for itself in the exercise of a sound legal discretion whether the jury has deliberated for such length of time as to make it probable that further deliberation on their part will not result in their agreeing upon a verdict. As said by Savage, J., in *The People* v. *Green,* 13 Wendell, 56:

"Either the court must determine when it is requisite to discharge, or the rule must be inflexible, that after the jury are once sworn and charged no other jury can in any event be sworn and charged in the same cause. The moment cases of necessity are admitted to form exceptions, that moment a door is opened to the discretion of the court to judge of that necessity, and to determine what combination of circumstances will create one."

To the plea in bar in this case filed by the defendant in error, Charles L. McMillen, in the court of common pleas, there was attached and by adoption made part thereof, the following journal entry of said court, to-wit:

"Now comes the prosecuting attorney on behalf of the State of Ohio, and the defendant being brought into court in custody of the sheriff; also came the following named jurors (naming them) who were duly impanneled and sworn according to law, and the said jury having heard the testimony adduced by the parties, the argument of counsel and the charge of the court, retired to their room in charge of the sheriff for deliberation, and afterward said jury returned into court and informed the court that they are unable to agree upon a verdict, and upon due consideration, the court states that it satisfactorily appears that there is no probability of the jury agreeing upon a verdict

in this case, and for this reason said jury are discharged from the further consideration of this case. And the court further find that the said jury in the above cause retired for deliberation at 4:20 o'clock on the afternoon of June 11, 1901. At 7:00 o'clock P. M. of the same day said jury was discharged without the consent of this defendant in discharging said jury. To which action of the court the defendant at the time excepted, and his exceptions are here noted of record, and said cause is continued.''

It therefore affirmatively appeared on the face of said plea in bar, from the facts therein alleged, that the question of whether the jury would probably be able to agree upon a verdict engaged the attention of the court, was duly considered, and upon such consideration the court found, adjudged, and so recorded, ''that it satisfactorily appears to the court that there is no probability of the jury agreeing upon a verdict in this case, and for this reason said jury is discharged from the further consideration of this case.'' There is nothing in the record in this case to impeach this finding, or tending to show an abuse of discretion on the part of the court in making the same, except the naked fact that the jury were only kept together and required to deliberate for two hours and forty minutes; and when we consider that the trial of this case was begun at 9:00 A. M., that the jury was selected and impanneled, the evidence all introduced, the case argued, the jury charged, and the cause finally submitted before 4:30 in the afternoon of the same day, with probably an intermission of at least one hour at noon, this fact alone does not, we think, so far, or sufficiently, contradict and disprove this finding as to overthrow it.

It follows, therefore, that in reversing the judgment of the court of common pleas and in overruling the demurrer to defendant's plea in bar, and in discharging the defendant, Charles L. McMillen, the circuit court erred. The judgment of the circuit court is therefore reversed and the judgment of the court of common pleas is affirmed and this cause is remanded to the Court of Common Pleas of Jackson County, Ohio, for further proceedings according to law.

*Reversed.*